IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID A. MAY,

    Plaintiff,

v.                                              CIV 09-763 BB/CG

ELIZABETH WHITEFIELD,
BETH ROTH,
M. DIANN SHEPPARD,
TERRY A. GINSBERG,
MERCEDES MARSHALL,
WILLIAM LANGE,
DEBRA DAVIS WALKER,
FRANK L. SPRING,
THE LAW OFFICES OF DUHIGG, CRONIN, SPRING, et al.,
and
WILLIAM A. DERAAD,

    Defendants.

# **MEMORANDUM OPINION & ORDER**

    Upon further review of this matter, the referral to the Magistrate Judge is hereby revoked, *see Doc. 39,* and for the reasons below, this action is dismissed.

    As Plaintiff's Complaint, Plaintiff's motion to compel, the show cause order issued by Magistrate Judge Carmen Garza initially entered, and Defendants' motions to dismiss all illustrate, Plaintiff is challenging his state court divorce and custody proceedings. Evidently, the divorce degree has been entered but the proceedings are

ongoing, and Plaintiff is suing all of the people who are or have been involved with the proceedings. He seeks damages and injunctive relief for the anguish and he has suffered. *See Docs. 1, 1-2, 4, 5, 23, 29.*

For the reasons stated in the show cause order, Defendants' motions, and otherwise, this action should be dismissed because each defendant is absolutely, quais- or qualifiedly immune, or is not a state actor, or because this Court lacks jurisdiction under an abstension principle be it, *Rooker-Feldman, Younger,* the "domestic relations" exception (to the extent any of the defendants are diverse), or the Eleventh Amendment prohibition of the recovery of damages against a State. In addition to the authorities cited in those documents, see also, for example, *Chapman v. Oklahoma,* 472 F.3d 747 (10th Cir. 2006) (finding *Younger* abstention applicable to action by noncustodial parent challenging the family court system of the State of Oklahoma, and declining to discuss applicability of *Rooker-Feldman* in light of *Lance v. Dennis,* 546 U.S. 459 (2006) (per curium) or the domestic relations exception to federal jurisdiction or Eleventh Amendment immunity); *Jackson v. Davidson,* 272 Fed App'x 722 (10th Cir. 2008) (holding action seeking to enjoin enforcement of state divorce decree is "precisely the type of claim encompassed by the *Rooker - Feldman* doctrine" and quoting *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986) for proposition that "[f]ederal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Harrington v. Wilson,* 242 Fed. App'x 514 (10th Cir. 2007) (virtually identical sort of action to this one, dismissed

claims against various defendants on *Rooker-Feldman, Younger,* absence of state action, absolute immunity and other jurisdictional grounds).

However, because the grounds for dismissal are jurisdictional, dismissal is without prejudice.  *See Harrington,* 42 Fed. App'x at 516 ("All three grounds are jurisdictional, and therefore all should result in dismissals without prejudice.") (quoting *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1214 (10th Cir. 2006) for proposition that "'A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.'").

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. my referral to the Magistrate Judge for a recommendation under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) *(Doc. 39)* is REVOKED;

2. Defendants' motions to dismiss *(Docs. 23, 29)* are GRANTED;

3. Plaintiff's motion to "compel" *(Doc. 5)* is DENIED;

4. the motion to stay the action pending ruing on the motions to dismiss *(Doc. 31)* is DENIED AS MOOT;

5. this action be dismissed WITHOUT PREJUDICE; and

6. a final order enter concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE